■ PAUL R. JOHNSON et al., Appellants, v RONALD D. MORGANTI, Respondent.—Order unanimously affirmed with costs. Memorandum: Plaintiffs appeal from an order which denied their motion for partial summary judgment enjoining defendant from soliciting the customers of Waterfalls Machine Co. It is settled law that one who sells a business, including its good will, to another has a legal duty to refrain from soliciting the customers of that business *(Hyde Park Prods. Corp. v Lerner Corp.,* 65 NY2d 316, 321; *Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, 284-286). Whether the transfer of one's stock interest in a business includes good will depends upon the circumstances surrounding the sale, particularly the size of the purchase price and the existence of express covenants barring competition by the seller *(Mohawk Maintenance Co. v Kessler, supra,* at 286). In this case, the purchase price was

modest, about 10% of the tangible assets of the business, and no evidence was submitted that, at the time of the sale, defendant expressly agreed not to compete. Further, the individual plaintiff, who owned the remaining shares of stock in the business, testified at an examination before trial that he and defendant could not get along and that he bought defendant's stock interest to eliminate the conflicts. Under the circumstances, Supreme Court properly determined that a factual issue existed whether defendant's transfer of his stock interest in Waterfalls included a transfer of good will. (Appeal from Order of Supreme Court, Seneca County, Falvey, J.—Partial Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.